[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (hereinafter "Gavin") filed this appeal from the Board of Tax Review of the Town of Wallingford (hereinafter "Wallingford").
Gavin purchased the real property subject of this appeal in 1993. Gavin's three-count amended complaint is for the successive years of 1993, 1994 and 1995.
Gavin complains that the assessor's valuation was not the true and actual value on the assessment date of October 1 in each successive year. Gavin appealed to the Board of Tax Review of Wallingford which made no changes. Gavin appeals from that decision.
The property which is the subject of this appeal was formerly used by a Grossman's Building Material yard. Grossman's vacated the property in 1992 and it has been used as a flea market and/or skating rink. The property contains approximately 18.1 acres. The appraiser for Gavin (hereinafter "DeMarco") whose report (Exh. D) described the land as 7.6 acres of useable land area, 7.6 acres of inaccessible land area and 3.9 acres of unusable wetland.
The subject property is improved with a one-story masonry "shell" type building containing 25,600 square feet. One building is of concrete block with 14-18 foot high ceilings. The building is uninsulated with heat provided by suspended heaters. The building has limited use in its present condition. It is zoned for industrial/commercial use. The appraiser for Wallingford, Donald Nitz (hereinafter "Nitz"), opined that the highest and best use is to continue utilization of the existing improvement for the existing life of the building or for expansion of the building with additional structures on the site as permitted byzoning and market demand (emphasis added). CT Page 7388
The two expert appraisers testified as to their value of the property: DeMarco used a cost and income approach methodology. Nitz used a sales comparison approach and income approach. Both appraisers used the income approach but with different rental values ascribed per square foot of space. DeMarco used $3.50 per square foot and Nitz used $4.50 per square foot. Norman Gavin testified that the actual rental received was $2.00 per square foot in 1994. Norman Gavin also testified the property was listed for $900,000 when his wife purchased it for $700,000. Norman Gavin described the building as a cold storage building with an asphalt floor, and no offices inside. There are utility line easements that cross the property for power and water. Storm water from the Meritt Parkway occasionally floods the parking lot. The plaintiff points out that Nitz added value to parcel 1 by stating that there are 3 additional acres of useable land with a value of $170,000. The plaintiff argues that given the easements no value should be ascribed.
The court does not agree with comparable sales utilized by Nitz. The comparables used were dissimilar to the subject property.
The income capitalization approach by Nitz places the value of the property at $1,075,000 plus the value of the land at $170,000. The final estimate of value by Nitz is $1,250,000, a difference of $300,000 than Wallingford's present 100% assessment.
The major dispute between the experts is the value of the rear piece of land of some 6.75 acres.
The property is irregularly shaped. The site is bisected by a brook which flows into the Quinnipiac River. In the DeMarco report (Exh. D) analyzing land sales, utilized by Nitz, he concluded that the unusable land had an underlying value of $52,000. The unusable land would require substantial investments and although approvals were received by a third party, Barberino Colony Real Estate, for a subdivision, but with accessibility to the present unusable land from another street, Thorn Street. The project was never started.
Neither party utilized the cost approach because of the age of the building and what the building had been used for previously. CT Page 7389
Wallingford suggests that DeMarco failed to use actual market rents of 1991 and that the Nitz analysis re income was more credible. (See market rental survey, Exh. 1.)
The court concludes that the income approach analysis shown by Nitz (see Exh. 1 at p. 31) in the amount of $905,000 is the more reliable evaluation than the one found by DeMarco who did not use a 1991 standard. Also, that the analysis of DeMarco (see Exh. D, p. 5) is more realistic for the unusable land being $52,000.
Accordingly, judgment may enter as to all counts that the Fair Market Value is $957,000.
Frank S. Meadow, J.T.R.